UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEVIN T. ALLAN,

                Plaintiff,                        No. 10-11651
                                                  HON. MARK A. GOLDSMITH

vs.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/


**OPINION AND ORDER GRANTING PLAINTIFF'S COUNSELS' MOTION FOR ATTORNEY FEES (DKT. 37)**

      This is a Social Security case presently before the Court on Plaintiff Kevin T. Allan's counsels' motion for attorney fees under 42 U.S.C. § 406(b) (Dkt. 37), filed by attorney Randall E. Phillips.  On July 8, 2011, the Court entered an Opinion and Order granting Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment, and remanding the case for further consideration (Dkt. 27).  On remand, the Administrative Law Judge ("ALJ") entered a decision favorable to Plaintiff, and on March 17, 2014, Defendant Commissioner of Social Security issued an award notice to Plaintiff of past-due benefits totaling $65,842.00 (Dkt. 37-3 at 2 of 4).  The award notice states that 25% of the past-due benefits award, $16,460.50, was withheld to pay Plaintiff's counsel.  Id.  The motion for attorney fees seeks attorney fees of $16,460.50 offset by $6,850.00, which is the amount previously awarded under the Equal Access

to Justice Act ("EAJA"), for a total of $9,610.50.[1] Mot. ¶ 7. The motion certifies that Defendant

has no objection to the payment of the fees sought; further, no response to the motion has been

filed, and the time to do so has expired.  For the reasons that follow, the Court grants the motion.

Under 42 U.S.C. § 406(b), attorney fees are properly awarded to a claimant who succeeds

on his Social Security appeal, not to exceed 25% of the total past-due benefits to which the

claimant is entitled:

> (b) Fees for representation before court
>
> (1) (A) Whenever a court renders a judgment favorable to a claimant under [42
> U.S.C. § 401 et seq.] who was represented before the court by an attorney, the
> court may determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment, and the Commissioner
> of Social Security may, notwithstanding the provisions of section 405(I) of this
> title, but subject to subsection (d) of this section, certify the amount of such fee
> for payment to such attorney out of, and not in addition to, the amount of such
> past-due benefits. In case of any such judgment, no other fee may be payable or
> certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  The Supreme Court has explained, "§ 406(b) does not displace

contingent-fee agreements as the primary means by which fees are set for successfully

representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review

of such arrangements as an independent check, to assure that they yield reasonable results in

particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).  Fee

awards may be made under both EAJA and § 406(b), "but the claimant's attorney must refund to

the claimant the amount of the smaller fee."  Id. at 796 (citations omitted).

The Sixth Circuit has explained that a court should use the 25% cap as a benchmark for

---

[1] Plaintiff filed a petition for attorney fees under EAJA on October 5, 2011 (Dkt. 29).  Defendant
stipulated to the award of attorney fees under EAJA (Dkt. 35), and on November 18, 2011,
Magistrate Judge Charles E. Binder entered an order awarding $6,850.00 to Plaintiff for attorney
fees and costs (Dkt. 36).

evaluating the reasonableness of attorney fees, although a 25% attorney fee award is not per se reasonable.  Rodriguez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989).  "The court should then look to whether a fee agreement has been executed by the claimant and the claimant's attorney. . . . . [D]ue deference should be given to this expression of the intentions of the parties."  Id. There is a "rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless (1) the attorney engaged in improper conduct or was ineffective, or (2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort."  Hayes v. Sec'y of Health & Hum. Servs., 923 F.2d 418, 419 (6th Cir. 1990) (citing Rodriguez, 865 F.2d at 746).  A district court has discretion in evaluating an attorney fee award.  Damron v. Comm'r of Soc. Sec., 104 F.3d 853, 856-857 (6th Cir. 1997); see also Gisbrecht, 535 U.S. at 808 ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.").

In his memorandum in support of the motion for attorney fees (Dkt. 37-5), Plaintiff's counsel argues that he has shown that the fee request is reasonable.  Mem. at 6 of 11.  He contends that the requested fee amount is properly within the statutory maximum of 25% of past-due benefits, less the EAJA award.  Id.  He maintains that the risk of loss in representing Social Security claimants on a contingent-fee basis is substantial, and that Plaintiff recouped a large amount – $65,842.00 – in past-due benefits and will continue to receive future benefits.  Id. at 7 of 11.  He asserts that Plaintiff's counsel – Sarah H. Bohr and himself – are both highly skilled attorneys who devoted considerable time and attention to Plaintiff's case.  Id. at 8 of 11.  He argues that there is no reason to reduce the requested fee amount, and that Plaintiff's attorneys were not responsible for any delay in litigation.  Id. at 9-10 of 11.

The Court turns first to the fee agreement entered into between Plaintiff and Attorney Phillips (Dkt. 37-1).  The fee agreement provides, in pertinent part, "If any additional appeals are taken, to the Appeals Council or Federal Court, including an ALJ decision after remand, then the fee would be calculated strictly as 25% of retroactive benefits for claimant and family, and attorney shall file a fee petition for this fee."  This agreement for attorney fees, which does not exceed the 25% statutory maximum, establishes a rebuttable presumption that the requested fee award is reasonable.  See Hayes, 923 F.2d at 419.

The Court concludes that there is no basis for reducing the requested amount.  There are no allegations or indications of improper conduct or ineffective assistance of counsel; Plaintiff's counsel secured a past-due benefits award of $65,842.00 through adjudication before the ALJ and litigation before this Court.  Nor is there any indication that Plaintiff's attorneys caused any delay in this matter.

Further, awarding attorney fees in the requested amount of $9,610.50 would not result in an undeserved windfall.  The Sixth Circuit has explained, "[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."  Hayes, 923 F.2d at 422 (footnote omitted).  Here, Attorney Phillips asserts that he is a highly-skilled attorney who has been a member of the Michigan bar since 1976; his standard hourly rate varies from $175 per hour to $250 per hour.  Mem. at 8 of 11.  Attorney Bohr states that she has been engaged in the active practice of law since 1978 and has significant experience with Social Security appeals; her standard hourly rate is a minimum of $350 per hour.  Bohr Dec. (Dkt. 37-6).  Therefore, using the lowest estimate of hourly rate provided by Plaintiff's attorneys – $175

4

per hour – the per se reasonable floor is double that, i.e., $350 per hour. A total of 41.5 hours were spent on the federal district court litigation in this case.[2]  See Time Sheet (Dkt. 29 at 3-4). Therefore, awarding the requested attorney fee amount of $9,610.50 would result in a hypothetical hourly rate of $231.58 per hour – well below the per se reasonable floor.  Nor would awarding $9,610.50 in attorney fees "unduly erode" Plaintiff's past-due benefit award of $65,842.00.[3]  See Royzer v. Sec'y of Health & Hum. Servs., 900 F.2d 981, 982 (6th Cir. 1990).

The Court concludes that the requested fee is reasonable.  See id. ("It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here. . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."); Castaneda v. Comm'r of Soc. Sec., No. 10-13724, 2013 WL 2285448, at *3 (E.D. Mich. May 23, 2013) (awarding attorney fees in the amount of $15,910 out of a total past-due benefit amount of $63,640).

Accordingly, the Court grants the motion for attorney fees (Dkt. 37) and directs Defendant Commissioner of Social Security to pay Plaintiff's attorneys $9,610.50 out of the $16,460.50 withheld and to release the remaining $56,231.50 to Plaintiff.

SO ORDERED.

Dated:  May 7, 2014                              s/Mark A. Goldsmith
          Flint, Michigan                        MARK A. GOLDSMITH
                                                 United States District Judge

---

[2] The Court may only award fees for work done before it, and the Court, therefore, does not consider work performed at the administrative level.  See Horenstein v. Sec'y of Health & Hum. Servs., 35 F.3d 261, 262-263 (6th Cir. 1994).

[3] The Court notes that Plaintiff has not filed any opposition to the motion for attorney fees.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 7, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

6